UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONUTTI SKELETAL INNOVATIONS LLC,

    Plaintiff,

v.                                            Case No.  6:13-cv-620-Orl-22TBS

ARTHREX, INC.,

    Defendant.
_____/

BONUTTI SKELETAL INNOVATIONS LLC,

    Plaintiff,

v.                                            Case No.  6:12-cv-1380-Orl-22TBS

ARTHREX, INC.,

    Defendant.
_____/

## ORDER TO SEAL

This patent infringement case comes before the Court on Defendant Arthrex's Unopposed Motion to Seal "Defendant Arthrex Inc.'s Motion to Compel Plaintiff's Recent Settlement Negotiations with Linvatec Corporation" and Accompanying Exhibits (Doc. 100).  The motion is due to be granted.

To protect their confidential and proprietary information in this litigation, the parties entered into a Stipulated Confidentiality Agreement that permits them to designate documents and deposition testimony as "Confidential" or "Confidential-Outside Counsel Only" (Doc. 100-1 at 3-4).  Now, Defendant seeks leave of Court to file Defendant Arthrex Inc.'s Motion to Compel Plaintiff's Recent Settlement

Negotiations with Linvatec Corporation under seal.  As grounds, Defendant alleges that the motion to compel and accompanying exhibits are "replete with information that [Plaintiff] designated as 'Confidential-Outside Counsel Only.'" (Doc. 100 at 1).  All of the information Defendant seeks to file under seal is referred to collectively as the "Confidential Information."

The Confidential Information has been designated "Confidential-Outside Counsel Only," by Plaintiff, which does not oppose this motion.  (Id. at 1-2).  Because Plaintiff has given the Confidential Information a "Confidential-Outside Counsel Only," designation, Defendant assumes that it is confidential to Plaintiff, not otherwise available, and that it is necessary that the Confidential Information remain confidential to protect Plaintiff's business and other interests.  (Id., at 3).

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings.  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)).  The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311.  But, the public's right of access is not unfettered and does not apply to discovery.  Romero, 480 F.3d at1245.

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions.  "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary

or dispositive, and the material filed in connection therewith.'" Id. at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)). Material filed as part of a discovery motion is not subject to the common law right of access. Chicago Tribune, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009). The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advanatage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

The Court accepts the representations in the motion and finds that disclosure of the Confidential Information could harm Plaintiff's legitimate and private interests. It also finds that access to the Confidential Information may be necessary for the Court to decide Defendant's motion to compel. The Court is unaware of any connection

between the Confidential Information and any public official or public concern, and equally unaware of any available option less onerous than sealing the Confidential Information. Accordingly, the motion is GRANTED and it is ORDERED that:

(1) Defendant shall file its unredacted Defendant Arthrex Inc.'s Motion to Compel Plaintiff's Recent Settlement Negotiations with Linvatec Corporation" UNDER SEAL.

(2) Defendant shall file a redacted version of the same motion in the public record.

(3) The Clerk of Court shall maintain the unredacted motion under seal until: (a) further Court order; or (b) the parties shall have 21 days from the conclusion of this case (including any appeals), within to make arrangements at their own cost to retrieve and dispose of the unredacted motion in accordance with their Stipulated Confidentiality Agreement.

DONE AND ORDERED in Orlando, Florida, on June 13, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel